1
2
3
4                    **UNITED STATES DISTRICT COURT**
5                          **DISTRICT OF NEVADA**
6

| | |
|---|---|
| 7  THE VACCINE CENTER LLC, d/b/a ) <br> THE VACCINE CENTER AND TRAVEL ) <br> 8  MEDICAL CLINIC ) <br>   ) <br> 9               Plaintiff, ) <br>   ) <br> 10 vs. ) <br>   ) <br> 11 GLAXOSMITHKLINE LLC, et al., ) <br>   ) <br> 12              Defendants. ) <br>   ) | Case No. 2:12-cv-01849-JCM-NJK <br><br> **AMENDED** ORDER GRANTING IN PART MOTION FOR EMERGENCY HEARING <br> (Docket No. 41) |

14   Before the Court is Plaintiff's countermotion for emergency hearing, Docket No. 41, seeking

15 a hearing and an order that Defendant Apexus, Inc. ("Defendant") produce Exhibits A and B

16 submitted in support of its motion to dismiss. Defendant filed a responsive brief, *see* Reply I.S.O.

17 Mot. To Seal (Docket No. 47), and Plaintiff filed a reply (Docket No. 48). The Court finds that a

18 hearing on the motion is unnecessary, *see* Local Rule 78-2, so that aspect of the pending motion is

19 **DENIED**. But the motion is hereby **GRANTED** in part as provided below.

20   Plaintiff's motion is based primarily on its contention that it cannot properly respond to

21 Defendant's motion to dismiss without reviewing Exhibits A and B. *See* Mot. at 4; Coulthard Aff. at

22 ¶ 4. Defendant asserts that it has agreed to produce to Plaintiff those exhibits in unredacted form,

23 but only if designated as "attorneys' eyes only" pursuant to a protective order. *See* Reply I.S.O.

24 Mot. To Seal at 2.

25 //
26 //
27 //
28 //

The Court hereby **ORDERS** the parties to meet and confer, no later than February 21, 2013, regarding a protective order that can be entered in this case.[1] The Court further **ORDERS** that the parties shall file a proposed protective order for the Court's review no later than February 22, 2013. Once a protective order is entered, Defendant shall have three days to designate Exhibits A and B as it sees fit and to produce unredacted versions to Plaintiff's attorneys. To the extent Plaintiff wishes to dispute Defendant's designations for Exhibits A and B, it may do so through the normal processes that will be included in the protective order. In the meantime, however, Plaintiff's attorneys will have access to the exhibits so that a response to the motion to dismiss can be submitted expeditiously.[2]

IT IS SO ORDERED.

DATED this 21st day of February, 2013.

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[1] The Court notes that protective orders are fairly routine and almost never require Court intervention. The Court stresses that the parties must make every effort to resolve any differences regarding the protective order amongst themselves. To the extent the dispute between the parties concerns the designation Defendant will choose for Exhibits A and B, that should be resolved after the entry of a protective order and is not grounds for failing to enter the protective order.

[2] To the extent Plaintiff believes it requires an extension for its response to the motion to dismiss, *see, e.g.*, Mot. at 5, that is an issue properly addressed to District Judge Mahan through a separate motion or stipulation.