**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| THE VACCINE CENTER, LLC, | |
| Plaintiff(s), | Case No. 2:12-cv-01849-JCM-NJK |
| vs. | ORDER RE: MOTION TO DISQUALIFY COUNSEL |
| GLAXOSMITHKLINE LLC, | (Docket No. 84) |
| Defendant(s). | |

Pending before the Court is Plaintiff's motion to disqualify Greenberg Traurig as counsel for Defendant Apexus, Inc. ("Defendant"). (Docket No. 84). The Court hereby **ORDERS** the parties to file the supplemental briefing identified below no later than noon on April 22, 2013. The Court further **ORDERS** Plaintiff to provide directly to the undersigned's chambers the evidence and chart described below for the Court's *in camera* review no later than noon on April 22, 2013.[1]

The Nevada Rules of Professional Conduct generally prohibit attorneys from representing parties adverse to prospective clients "if the lawyer received information from the prospective client that could be significantly harmful to that person in the matter." Nev. R. Prof. Conduct 1.18(c); *see also* Local Rule IA 10-7 (the Court adheres to the Nevada Rules of Professional Conduct). Plaintiff argues that the Court's evaluation of Greenberg Traurig's compliance with Rule 1.18 should be determined without analyzing the actual information provided to Greenberg Traurig by Plaintiff: "'a court should not inquire into whether an attorney actually acquired confidential information' related to the current matter . . . [but rather] should make 'a realistic appraisal of whether confidences **might have been disclosed**' by the client." Mot. at 10 (emphasis in original) (quoting *Waid v. District*

---

[1] The Court makes no determinations today and nothing herein should be construed as such.

1    *Court*, 121 Nev. 605, 609-10 (2005)).  The Court, however, notes that *Waid* does not involve rules
2    regarding *prospective clients*, but rather the rules governing attorney responsibility with respect to
3    *actual, former clients*.  *See* 121 Nev. at 609-10.  Moreover, the rules governing attorney
4    responsibility with respect to actual clients do not include language similar to Rule 1.18(c)'s explicit
5    limitation to instances where "the lawyer received information from the prospective client that could
6    be significantly harmful to that person in the matter."  *See Waid*, 121 Nev. at 609 (quoting former
7    Rule 159).  Plaintiff argues that this case law applies without addressing the fact that it does not
8    analyze Rule 1.18 and/or duties owed to prospective clients.  Accordingly, Plaintiff has failed to
9    persuade the Court at this time that it may resolve the pending motion by making "a realistic
10    appraisal of whether confidences might have been disclosed."

11         For its part, Defendant relies on authority involving prospective clients, rather than actual
12    clients.  But this authority is issued by courts from other jurisdictions.  For example, Defendant
13    relies on *ADP, Inc. v. PMJ Enterprises, LLC*, which states that "the moving party must proffer
14    compelling evidence showing that significantly harmful information was disclosed."  2007 WL
15    836658, *5 (D.N.J. Mar. 14, 2007).  *ADP* appears to analyze an ethical rule identical in relevant part
16    to Nev. R. Prof. Conduct 1.18(c), but Defendant failed to identify Nevada authority addressing Rule
17    1.18 and/or prospective clients, or to otherwise explain why the Court should rely on authority from
18    other jurisdictions.  Accordingly, Defendant has failed to persuade the Court at this time that it
19    should resolve the pending motion based on the standards enunciated in other jurisdictions.

20         In short, Plaintiff relies on Nevada authority addressing a different rule of conduct with
21    different language, without explaining why that authority governs the Court's analysis here; while
22    Defendant relies on out-of-state authority involving the same or similar rule, but without explaining
23    why the Court should rely on that authority rather than the Nevada authority cited by Plaintiff.
24    Because the parties have not sufficiently discussed the threshold issue of the relevant inquiry to be
25    conducted, the Court **ORDERS** the parties to submit supplemental briefing of no longer than 8
26    pages addressing the proper inquiry for the Court to make with respect to Rule 1.18(c)'s limitation
27    to instances where "the lawyer received information from the prospective client that could be
28    significantly harmful to that person in the matter."

1    In addition, Plaintiff's briefing noted that it would make available to the Court "additional
2 details and documents" provided to Greenberg Traurig by Dr. Baktari. *See* Mot. at 14 n.1. The
3 Court further **ORDERS** Plaintiff to provide the following for the undersigned's *in camera* review.
4 First, Plaintiff shall provide evidence establishing the information exchanged (whether documentary
5 in nature or through a declaration). Second, Plaintiff shall provide the Court with a chart that (1)
6 identifies each piece of particular potentially harmful information (e.g., relevant facts, theories of the
7 claim, mental impressions, etc.); (2) cites the evidence showing it was disclosed to Greenberg
8 Traurig; (3) explains why such information is potentially harmful; (4) explains whether that
9 information was disclosed to Apexus directly and/or was disclosed to a non-attorney third party,
10 such as government personnel; and (5) if so disclosed, provides the details of that disclosure.
11    IT IS SO ORDERED.
12    DATED: April 16, 2013

_____
NANCY J. KOPPE
United States Magistrate Judge