UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| THE VACCINE CENTER, LLC, ) <br> ) <br> Plaintiff(s), ) <br> ) <br> vs. ) <br> ) <br> GLAXOSMITHKLINE LLC, ) <br> ) <br> Defendant(s). ) <br> ) | Case No. 2:12-cv-01849-JCM-NJK <br><br> ORDER DENYING MOTION TO <br> DISQUALIFY COUNSEL <br> (Docket No. 84) |

Pending before the Court is Plaintiff's motion to disqualify Greenberg Traurig as counsel for Defendant Apexus, Inc. ("Defendant"). Docket No. 84. Defendant filed a response and Plaintiff filed a reply. Docket Nos. 87, 89. Per the Court's request, the parties also filed supplemental briefing. Docket Nos. 94, 95. The motion came on for hearing on April 25, 2013.[1] For the reasons stated below, the motion is hereby **DENIED**.

Attorneys practicing in this Court must comply with the Model Rules of Professional Conduct as adopted by the Supreme Court of Nevada, unless modified by this Court. *See* Local Rule IA 10-7. Plaintiff asserts that Greenberg Traurig violated its ethical duty owed to a prospective

---

[1] A written transcript of the hearing is not currently available. Citations to the hearing will refer to the audio recording of the hearing and to the time of day when the statements were made.

1   client pursuant to the Nevada Rules of Professional Conduct,[2] which generally prohibit attorneys
2   from representing a party adverse to a former prospective client in the same or substantially related
3   matter if the lawyer received information from the prospective client that could be significantly
4   harmful to that party in the matter. Nev. R. Prof. Conduct 1.18(c).
5   　　　　Even where the elements of Rule 1.18(c) are met, however, disqualification is not automatic.
6   Instead, the rule provides an exception where (1) the lawyer who received such information took
7   reasonable measures to avoid exposure to more disqualifying information than was reasonably
8   necessary to determine whether to represent the prospective client; (2) that lawyer is timely screened
9   from participating in the matter; (3) that lawyer is not apportioned any fee therefrom; and (4) written
10  notice is promptly given to the prospective client. *See* Nev. R. Prof. Conduct 1.18(d)(2).[3] Because
11  the Court finds the exception outlined in Rule 1.18(d)(2) applies in this case, it concludes that
12  Greenberg Traurig is not disqualified from representing Defendant regardless of whether the
13  elements of Rule 1.18(c) are satisfied.[4]
14  　　　　First, Mr. Chansky took reasonable measures to avoid exposure to more disqualifying
15  information than was reasonably necessary to determine whether to represent the prospective client.
16  It is undisputed that Mr. Chansky made clear from the outset that Greenberg Traurig does not
17  generally take cases on a contingency basis, but would review "any material or documents you may
18  have in order to assess whether the case would be economically viable as a contingent matter." *See*
19  Mot. Exh. 1; *see also* Baktari Decl. ¶ 8 ("Mr. Chansky explained to me that [Greenberg Traurig]

---

[2] The pending motion arises out of Dr. Baktari's (Medical Director for the Vaccine Center) consultation with Edward Chansky, Esq., at Greenberg Traurig about the possibility of representing Plaintiff in this case. *See, e.g.*, Baktari Decl. ¶ 8.

[3] The parties represent that no court has analyzed Nevada's Rule 1.18. The parties do, however, cite to a case applying this exception, *Beckenstein Enterprises-Prestige Park, LLC v. Lichtenstein*, 2004 WL 1966863 (Conn. Super. Aug. 11, 2004). The rule analyzed in that case mirrors the language of Rule 1.18 in relevant part. *See id.* at *4 n. 6. The Court finds the analysis provided in *Beckenstein* instructive here.

[4] Since the Court has found that Greenberg Traurig fully complied with Rule 1.18(d)(2), the Court makes no findings regarding the elements of Rule 1.18(c).

does not typically handle cases on a contingency basis, and he asked me to provide additional materials and information to help him determine whether to make an exception for The Vaccine Center's case"). Plaintiff is a sophisticated client knowledgeable about the law and very involved in this case. *See* Hearing Tr. at 10:20-10:21. Moreover, as Plaintiff's counsel made clear numerous times at the hearing, a lawyer's determination whether to take a plaintiff's complex antitrust suit on a contingency basis requires a thorough analysis and understanding of liability and damages issues because the attorney must weigh the significant amount of money and time that will be invested in representing the plaintiff with the ultimate likelihood of prevailing and recovering damages. *See* Hearing Tr. at 10:15-10:16; 10:30-10:31; *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007) (noting the "unusually high" cost of conducting discovery in antitrust cases). Thus, the information that Mr. Chansky obtained from Dr. Baktari was reasonably necessary for Greenberg Traurig to determine whether to take the case. *Cf. Beckenstein*, 2004 WL 1966863, at * 6 (in significantly less complex case, finding that attorney and prospective client properly "discuss[ed] the merits of their legal claims and possible defenses"). In sum, Mr. Chansky obtained materials from a sophisticated prospective client that Greenberg Traurig needed to determine whether to take on Plaintiff's case and, at the same time, Mr. Chansky made clear to Plaintiff that there was a significant possibility that Greenberg Traurig would not ultimately take the case. Under the circumstances of this case, the Court finds these to be reasonable measures to avoid exposure to more disqualifying information than was reasonably necessary for Greenberg Traurig to determine whether to represent Plaintiff.

 Second, Mr. Chansky and the two other lawyers at Greenberg Traurig who had contact with Dr. Baktari were screened from this matter promptly upon Plaintiff's notification to Greenberg Traurig of the possible violation of Rule 1.18. *See* Andrews Decl. ¶¶ 9, 10.[5] This was timely under

---

[5] At the hearing, Plaintiff's counsel referenced "Nevada case law" cautioning against allowing the screening of attorneys who work in the same office as disqualified attorneys, Hearing Tr. at 10:26-10:28, but he actually quoted from a case analyzing California ethical rules. *See Laryngeal Mask Co. v. Ambu A/S*, 2008 WL 558561 (S.D. Cal. Feb. 25, 2008). At the time of that ruling, it appeared that California did not allow screening of any kind. *See id.* at *7 ("California courts do not use ethical screens to prevent disqualification from being imputed to members of firm"). The court further opined

1 the circumstances. *See Beckenstein*, 2004 WL 1966863, at *6 (finding screening timely where
2 disqualified attorney was screened "[a]s soon as he was notified by plaintiffs' counsel of [the
3 disqualified attorney's] discussion with [the plaintiff]").

4     Third, Mr. Chansky and the two other lawyers at Greenberg Traurig will not be apportioned
5 fees from this matter. *See* Andrews Decl. ¶ 6.

6     Fourth, and lastly, upon receiving notice from Plaintiff of the potential conflict, Greenberg
7 Traurig promptly investigated the conflict and provided written notice to Plaintiff roughly ten days
8 later. *See* Andrews Decl. ¶¶ 9, 11. This constitutes prompt written notice. *See Beckenstein*, 2004
9 WL 1966863, at *6 (finding prompt notice given where provided 30 days after lawyer was informed
10 of the possible conflict).

11     Accordingly, even if the elements of Rule 1.18(c) could be satisfied here, Greenberg Traurig
12 qualifies for the exception provided in Rule 1.18(d)(2). As such, Plaintiff's motion to disqualify is
13 hereby **DENIED**.

14     IT IS SO ORDERED.
15     DATED: April 25, 2013

_____
NANCY J. KOPPE
United States Magistrate Judge

---

that even if screening were generally allowed, it would not allow screening in instances where the attorneys worked in the same office while representing the opposing party in the same litigation. *Id.*
    Unlike the situation in *Loryngeal*, however, Nevada has adopted Rule 1.18(d)(2) to expressly provide an exception to disqualification in the same matter based on the screening of the disqualified attorneys. The Court discerns no exception to the exception in Rule 1.18(d)(2) for instances where the disqualified attorney is in the same office as the attorneys currently practicing in the case before the Court.