# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| THE VACCINE CENTER LLC, | )<br>) |
| Plaintiff(s), | )<br>)  Case No. 2:12-cv-01849-JCM-NJK |
| vs. | )<br>)  ORDER REGARDING HEARING |
| GLAXOSMITHKLINE LLC, et al., | )  ON MOTIONS TO SEAL<br>) |
| Defendants. | )<br>) |

Pending before the Court is Defendant Apexus, Inc.'s ("Defendant") motion to file under seal Exhibits A and B to its motion to dismiss. Docket No. 59 ("Motion").[1] Plaintiff opposed the motion and Defendant filed a reply. Docket Nos. 73 ("Response"), 80 ("Reply"). Also pending before the Court is Plaintiff's motion to file under seal its response to the motion to dismiss. Docket No. 68 ("Pls.' Mot."). The sole ground for Plaintiff's motion is that Defendant designated Exhibits A and B as confidential pursuant to the stipulated protective order entered in this case. *See id.* at 2. Defendant failed to file a declaration in support of Plaintiff's motion. *See* Docket No. 55 at 2 (providing directions for supporting motions to seal based entirely on the fact that an opposing party designated material as confidential). The Court has set these motions for hearing for May 17, 2013. *See* Docket No. 101.

---

[1] Defendant has provided the Court with Exhibits A and B for its *in camera* review. Plaintiff's counsel has obtained a copy of Exhibits A and B in discovery, designated as "Attorney's Eyes Only."

The Court issues this order to resolve certain issues so the parties can focus their argument at the hearing on only those issues requiring further development.

## I. STANDARDS GENERALLY

The Ninth Circuit has held that there is a strong presumption of public access to judicial records. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to file documents under seal bears the burden of overcoming that presumption. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana*, 447 F.3d at 1178). Parties "who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy." *Kamakana*, 447 F.3d at 1180.[2] Those compelling reasons must outweigh the competing interests of the public in having access to the judicial records and understanding the judicial process. *Id.* at 1178-79; *see also Pintos*, 605 F.3d at 679 & n.6 (court must weigh "relevant factors," including the public's interest in understanding the judicial process). The Ninth Circuit has indicated that "'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to . . . release trade secrets." *Kamakana*, 447 F.3d at 1179.

## II. DEFENDANT'S FACTUAL SHOWING

Defendant's pending motion to seal is its second opportunity to demonstrate that sealing Exhibits A and B is proper. *See* Docket No. 30 at 2 (first motion to seal providing eight lines of text in support of sealing). The Court had already identified the relevant standards. *See, e.g.*, Docket No. 49 (denying first motion to seal and explaining relevant standards); *see also* Docket No. 55 (concurrently with entry of stipulated protective order, identifying procedures and standards for filing under seal). Nonetheless, Defendant's pending motion to seal continues to provide cursory

---

[2] *Kamakana* and *Foltz* involve non-parties' attempts to obtain sealed court documents. The same analysis and standards apply to a party's motion to seal. *See Pintos*, 605 F.3d at 679 n.5; *see also Kamakana*, 447 F.3d at 1182 n.9 (for the case before it, noting that "[t]he effective bottom line is that the district court was determining whether documents should be sealed").

1  detail as to why entire pages of Exhibits A and B constitute trade secrets. *See* Mot. at 3. To meet its
2  burden to seal this information, Defendant must "articulate compelling reasons supported by
3  **specific factual findings**." *Kamakana*, 447 F.3d at 1178 (emphasis added). Similarly, sealing is
4  proper only where the Court "articulate[s] the factual basis for its ruling, without relying on
5  hypothesis or conjecture." *Id*. at 1179 (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir.
6  1995)).

7  At this point, the Court has before it an identification of certain pages of Exhibits A and B
8  that Defendant has labeled as containing categories of information it contends are protected trade
9  secrets. Mot. at 3. Defendant then identifies the definition of trade secret under Nevada law and
10 asserts without articulation that the listed categories of information constitute trade secrets. There is
11 no discussion, for example, as to why the "wholesale distributor sub-contractor responsibilities and
12 performance standards" on pages 3-4 of Exhibit A "derive economic value . . . from not being
13 generally known to . . . the public." *See* Mot. at 3. Importantly, Defendant also did not submit a
14 declaration explaining why the information constitutes a trade secret.

15 Defendant's conclusory statements are insufficient to establish compelling reasons to allow
16 Exhibits A and B to be filed under seal. *See Kamakana*, 447 F.3d at 1182 (rejecting conclusory
17 assertions). Indeed, Defendant's showing likely would not even meet the "good cause" standard
18 under Rule 26(c), *see, e.g.*, *Hill v. Eddie Bauer*, 242 F.R.D. 556, 561-62 (C.D. Cal. 2007) (finding
19 failure to file a declaration in support of Rule 26(c) motion significant), *Creative Gifts, Inc. v. UFO*,
20 183 F.R.D. 568, 571 (D.N.M. 1998) (conclusory assertions did not establish that requested
21 documents were trade secrets and merited secrecy under Rule 26(c)), let alone the more rigorous
22 standard of "compelling reasons" as required here, *see Kamakana*, 447 F.3d at 1180 (explaining that
23 heightened "compelling reasons" standard is not met by showing sufficient for "good cause" under
24 Rule 26(c)).

25 Making matters worse, some of Defendant's representations are patently false, which is
26 deeply troubling to the Court. For example, Defendant argues that pages 190-193 of Exhibit B
27 "contain *confidential* supplier names." Mot. at 3 (emphasis added). Defendant further contends
28 that it has engaged in reasonable efforts to maintain the secrecy of supplier names and represents

that it "**has never presented the information to the general public in any form**." *Id.* (emphasis added). Defendant fails to acknowledge that the vast majority of the suppliers identified in Exhibit B are listed publicly on Defendant's website. *See* www.340bpvp.com/partnering/value-add (Last visited May 7, 2013).[3] The Court does not discern how Defendant can square its contentions that these supplier names are "confidential" and that it has "never presented the information to the general public" with the fact that Defendant identifies these suppliers publicly on its website. Counsel owes the Court a duty of candor, which appears to have lapsed here.

Nor is this problem isolated to the representations related to pages 190 to 193 of Exhibit B. The Court has not checked all other portions of the Exhibits Defendant claims contain confidential trade secret information, but cursory Internet searches have revealed that some of the information identified as a trade secret is available in identical or nearly identical form on the Internet.

Defendant's counsel shall be prepared at the hearing to discuss the representations in its brief regarding the confidential nature of the identified pages of information. Defendant's counsel shall also be prepared to explain with specificity why the information contained in the pages it has identified of Exhibits A and B satisfies the requirements to be deemed a trade secret.[4]

### III.   REDACTIONS

Plaintiff argues that Defendant's request to seal the entirety of Exhibits A and B is overbroad because Defendant only identified portions of those documents as trade secrets and, to the extent those portions are found by the Court to be trade secrets, they can be redacted to allow public access

---

[3] The bottom of the website includes the Apexus logo, as well as "© 2013 Apexus Inc. All rights reserved."

[4] In addition to arguing that the information is a trade secret, Defendant asserts that an order requiring that Exhibits A and B "become part of the public record . . . may also conflict with federal regulations preventing dissemination of health industry information." Mot. at 2. Defendant fails to elaborate on this point or to cite to any applicable federal regulations regarding the health industry. "A judge is an impartial umpire of legal battles, not a [party's] attorney. [She] is neither required to hunt down arguments the parties keep camouflaged, nor required to address perfunctory and undeveloped arguments. . . . To the extent [a party] failed to develop any additional arguments or provide support for them, [it] has waived them." *Williams v. Eastside Lumberyard & Supply Co.*, 190 F. Supp. 2d 1104, 1114 (S.D. Ill. 2001) (internal citations omitted).

to the rest of the documents. *See, e.g.*, Response at 8. Defendant counters that Plaintiff's position would lead to absurd results wherein "confusing and meaningless documents filled with black lines, interspersed with the occasional 'non-confidential' phrase" are filed on the public docket. *See* Reply at 5. Defendant does not explain why that absurd result would be reached in this case given the relatively limited amount of information identified as warranting secrecy.

Although not discussed by either party, the Ninth Circuit has held that a district court abuses its discretion in sealing entire documents when they "can be redacted easily to protect [the confidential information] while leaving other meaningful information." *Foltz*, 331 F.3d at 1137; *see also In re Roman Catholic Archibishop of Portland in Oregon*, 661 F.3d 417, 425 (9th Cir. 2011) (where cause exists to shield discovery material from third-party disclosure, "a court must still consider whether redacting portions of the discovery material will nevertheless allow disclosure"). Courts in this District have followed suit and refused to grant motions to seal entire documents containing only limited confidential information. *Nav N. Go Kft. v. Mio Tech. USA, Ltd.*, 2008 WL 4933963, *1 (D. Nev. Nov. 14, 2008) (denying without prejudice unopposed motion to seal because, *inter alia*, the Court will not "enter a blanket order sealing a document that appears to contain limited confidential or proprietary information"); *see also* Local Rule 10-5(c) (indicating that documents may be unsealed by the Court with some portions redacted).[5]

Defendant seeks leave to file Exhibits A and B under seal in their entirety, but has identified only a small amount of those exhibits as containing confidential information. Defendant has identified a total of 2 pages of Exhibit A that it argues include trade secret information. *See* Mot. at 3 (identifying pages 3-4 as having "wholesale-distributor sub-contract responsibilities and performance standards").[6] Defendant makes no showing that the other 19 pages contain information

---

[5] This approach is also consistent with the Supreme Court's directive that overriding the public's right to access must be supported by appropriate findings of a sufficiently important competing interest and must be "narrowly tailored to serve that interest." *Oregonian Pub. Co. v. U.S. Dist. Court*, 920 F.2d 1462, 1465 (9th Cir. 1990) (quoting *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 510 (1985)).

[6] The Court makes no determination at this time whether the information on pages 3-4 constitutes confidential material that warrants secrecy.

for which sealing is warranted.  The Court finds that allowing the entirety of Exhibit A to be sealed based on two pages of possible trade secret information would run afoul of the Ninth Circuit's holding in *Foltz*.[7]

For purposes of the upcoming hearing on these motions, Defendant should be prepared to address *with specificity* why each part of the identified pages of Exhibits A and B merit protection from public disclosure.

### IV.   EXISTENCE OF STIPULATED PROTECTIVE ORDER

Defendant also argues that disclosing these exhibits "would eviscerate the purpose of the Stipulated Protective Order." *See* Mot. at 3.  Defendant is plainly incorrect.  The Court entered the "blanket protective order to facilitate [the parties'] discovery exchanges." Docket No. 55 at 2. Blanket protective orders, however, do not contain any rulings that specific documents may be filed under seal. *See Kamakana*, 447 F.3d at 1183; *see also Foltz*, 331 F.3d at 1138 (such an order "is by nature overinclusive").  Indeed, the Court already made this clear to the parties in the order issued concurrently with the entry of the stipulated protective order. *See* Docket No. 55 at 2 ("the parties have not shown, and the Court has not found, that any specific documents are secret or confidential" and indicating that any documents attached to a dispositive motion must be accompanied by a motion to seal supported by a showing that "compelling reasons" exist to seal the document).

The Ninth Circuit has held that the existence of a protective order applicable to documents filed in relation to a dispositive motion is insufficient to justify sealing those documents. *Foltz*, 331 F.3d at 1136 ("we . . . hold that the presumption of access is not rebutted where, as here, documents subject to a protective order are filed under seal as attachments to a dispositive motion"); *id.* at 1138 ("Because State Farm obtained the blanket protective order without making a particularized showing of good cause with respect to any individual document, it could not reasonably rely on the order to hold these records under seal forever."); *see also Kamakana*, 447 F.3d at 1179.  Accordingly, the

---

[7] The Court is also disinclined to find that Exhibit B cannot be filed publicly subject to redaction, but the Court will not make a final ruling on Exhibit B on this issue now.  Once a determination is made at the hearing as to which content (if any) in Exhibit B warrants secrecy, the Court will determine whether redaction of that content is appropriate.

fact that Defendant designated Exhibits A and B as confidential under the stipulated protective order does not alter its burden of showing compelling reasons to file Exhibits A and B under seal. *See Foltz*, 331 F.3d at 1136 (notwithstanding that documents were subject to a protective order, the "'compelling reasons' standard continues to apply").

## V. IMPORTANCE TO THE PUBLIC

Defendant argues that publicly filing Exhibits A and B "would be [of] little value" to the public because "the information will have no continuing importance to the case once the Motion to Dismiss is determined." *See, e.g.*, Reply at 3; *see also* Mot. at 4 (arguing that, because Plaintiffs' claims are "ripe for dismissal, . . . the Exhibits will likely be kept under seal for only a brief period while the Court determines the legal validity of this dispute"). Defendant misunderstands the public interest. The Supreme Court has recognized a federal common law right to "inspect and copy public records and documents." *Foltz*, 331 F.3d at 1134 (quoting *Nixon v. Warner Communications*, 435 U.S. 589, 597 (1978)). That right is not extinguished simply because the motions to which documents are attached have been resolved or even because final judgment has been entered. *See Foltz*, 331 F.3d at 1128, 1134-35 (discussing right of public to access judicial records where final judgment had been entered before intervenors sought access). In short, the fact that the assigned district judge may soon decide the underlying motions to dismiss and may enter judgment if they are granted, does not alter the Court's analysis of whether Exhibits A and B may be sealed.

## VI. DEFENDANT'S FAILURE TO RESPOND TO PLAINTIFF'S MOTION TO SEAL

The Court provided instructions to the parties with respect to motions to seal on February 25, 2013. Docket No. 55. In that order, the Court instructed the parties regarding motions to seal based solely on the fact that an opposing party had designated a document as confidential:

> If the sole ground for a motion to seal is that the opposing party (or non-party) has designated a document as confidential, the opposing party (or non-party) shall file a declaration establishing good cause for the sealing along with a proposed order, or shall withdraw the designation. The declaration shall be filed within seven days of service on the opposing party (or non-party) of the request for a sealing order. If the declaration is not filed as required, the Court may order the document filed in the public record.

*Id.* at 2.

//

On March 5, 2013, Plaintiff filed a motion to seal the unredacted version of its response to the motion to dismiss on the grounds that the brief quotes from Exhibits A and B.  *See* Pls.' Mot. at 2.  Defendant failed to file a declaration establishing good cause to keep the unredacted version of the brief (at Docket No. 69) under seal.  Moreover, it is clear that the portions quoted by Plaintiff are not all found in the pages of Exhibits A and B identified by Defendant in its own motion to seal as containing trade secrets.  *Compare* Docket No. 69 at 3:8-3:18, 7:18-8:13, 14:17-14:19, 19:5-19:8, 20:5-20:8 (quoting from and discussing pages 1, 6, 7 and 9 of Exhibit A) *with* Mot. at 3 (not identifying pages 1, 6, 7 or 9 of Exhibit A as containing trade secrets).  It also appears that some sections redacted by Plaintiff were actually quoting Defendant's publicly filed motion to dismiss papers.  *See, e.g.*, Docket No. 69 at 24:8-24:13, 29:5-29:10.

With respect to Plaintiff's quotation or discussion of the pages 1, 6, 7 and 9 of Exhibit A and of Defendant's publicly-filed motion to dismiss papers, Defendant shall be prepared to discuss why it has not waived its ability to object to the public filing of Plaintiff's response with that information unredacted.

With respect to any other redacted portion of Plaintiff's brief, Defendant shall be prepared to explain why the particular discussion or particular quoted language merits secrecy from the public.

## VII.    NEVADA LAW REGARDING GOVERNMENTAL ACCESS

Plaintiff argues that full disclosure of Exhibits A and B is required pursuant N.R.S. §239.010, which requires public dislcosure for a "governmental entit[y]."  *See* Response at 6.  But that law is applicable only to the State government and its political subdivisions.  *See* N.R.S. § 239.005(4)(b) (defining "governmental entity").  Defendant is neither, so the Court finds Plaintiff's position unconvincing.

## VIII.    FOIA

At times, the parties discuss whether Exhibits A and B are exempt from disclosure under the Freedom of Information Act ("FOIA").  *See, e.g.*, Mot. at 5.  The Ninth Circuit has expressly rejected the contention that documents exempt from FOIA consequently merit a sealing order.  *Kamakana*, 447 F.3d at 1185.  The Court finds FOIA disclosure exemptions of little guidance in resolving the matter at hand.

## IX. CONCLUSION

Per the discussion above, the Court expects counsel to be prepared to discuss with particularity at the hearing why the particular portions of Exhibits A and B merit sealing, keeping in mind the above findings and instructions.

IT IS SO ORDERED.

DATED: May 14, 2013

_____
NANCY J. KOPPE
United States Magistrate Judge