UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

VACCINE CENTER LLC

     Plaintiff,

VS.                                                        2:12-CV-1849 JCM-NJK

GLAXOSMITHKLINE LLC et al                  MINUTES OF THE COURT

     Defendants,                                Dated:  May 17, 2013
                                     10:04-11:05 AM

PRESENT:

                                 **NANCY J. KOPPE**, **U.S. MAGISTRATE JUDGE**

DEPUTY CLERK:                     EILEEN WOOD

PRESENT FOR PLAINTIFF:     WILLIAM COULTHARD, MICHAEL GAYAN, MONA
                                     KAVEH, RICHARD KELLNER (by phone)

PRESENT FOR DEFENDANT:    TYLER ANDREWS and MARK FERRARIO (for
                                     Apexus), STANLEY PARRY (for SmithKlineGlaxo),
                                     TERRY COFFING (for Southern Nevada Health
                                     District)

ALSO PRESENT:                     Dr. JONATHAN BAKTARI

**HEARING re MOTION [68] to Seal Response to Motion and [59] RENEWED MOTION
for Leave to File Confidential Exhibits Under Seal**

The Court first hears arguments of counsel with respect to Apexus' motion to seal, Docket
No. 59. The Court finds, for reasons stated on the record and as explained in the Court's
previous order (Docket No. 102), that the following will be the ORDER of the Court with
respect to the motion at Docket No. 59:

Defendant Apexus concedes that Exhibit A may be filed publicly. It is **ORDERED** that
Exhibit A is to be filed unsealed in its entirety.

Apexus concedes that Page 47 of Exhibit B may be filed publicly.  It is **ORDERED** that
Page 47 of Exhibit B is to be filed without redaction.

2:12-CV-1849 JCM-NJK
Page 2

Pages 190-193 of Exhibit B: It is **ORDERED** that any suppliers publicly disclosed on Apexus' website can not be redacted and must be publicly filed, but any suppliers or potential suppliers not identified on Apexus' website can be redacted.

Pages 194-196 of Exhibit B:  The Court finds that Apexus has shown compelling reasons why this information should not be made public that outweigh the public interest with respect to the paragraphs entitled "Diabetic Suppliers," "Outpatient Pharmacy Management Systems," "Patient Safety," "Pharmacy Automation Services," "Pharmacy Benefit Managers," "Pharmacy Security and Integrity Products," "Pharmacy Supplies," "Prepackaging Services," and "Vaccines," as well as Figure 117.  The Court **GRANTS** the motion to seal as to these paragraphs and figure, and they may be redacted.  The Court **DENIES** the motion to seal with respect to all other information on these pages.

Pages 197-198 of Exhibit B: Apexus concedes that the first paragraph will not be redacted. The Court finds that Apexus has shown compelling reasons why the rest of Pages 197 and 198 should not be made public that outweigh the public interest. The Court **GRANTS** the motion to seal as to that information, and those aspects of these pages may be redacted.

Pages 199-200, 202 of Exhibit B: For these pages of Exhibit B, the Court finds that Apexus has shown compelling reasons that outweigh the public interest for the redactions it proposed in Docket No. 104, except that Apexus failed to do so with respect to Page 200 starting with "one such study" through Figure 119.  The Court **DENIES** the motion to seal as to that portion of page 200, but **GRANTS** the motion to seal as to the other proposed redactions to pages 199-200 and 202 of Exhibit B, and those aspects of these pages may be redacted.

The Court **ORDERS** that Apexus shall file Exhibits A and B publicly, with the redactions to Exhibit B outlined above, within 7 days.

Having resolved the motion at Docket No. 59, the Court hears arguments of counsel for Plaintiff's motion to seal its response to the motion to dismiss, Docket No. 68.  The Court **GRANTS** the motion in part.  Plaintiff's motion to seal was filed based on Apexus' designation of documents as confidential. Pursuant to the Court's prior order (Docket No. 55), Apexus was required to file a declaration within 7 days supporting that motion to seal, but failed to do so. The Court finds that the response to the motion to dismiss shall be filed publicly except for the redaction of any quotation or discussion of the aspects of Exhibit B found to be sealable in the Court's order resolving Apexus' motion to seal.  To the extent Apexus had additional arguments with respect to Plaintiff's motion to seal, it waived them by failing to file a declaration in compliance with the Court's prior order (Docket No. 55).  The Court **ORDERS** that Plaintiff shall re-file its response to the motion to dismiss, with the redactions outlined above, within 7 days.

2:12-CV-1849 JCM-NJK
Page 3

Counsel also raised issues related to conduct violating the protective order at this hearing, which was not brought to the Court's attention until this hearing. The Court will not make any ruling on such arguments, as the issue is not properly before the Court.

**LANCE S. WILSON, CLERK**
**UNITED STATES DISTRICT COURT**

/s/ Eileen Wood
DEPUTY CLERK