# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| THE VACCINE CENTER LLC, | |
| Plaintiff(s), | Case No. 2:12-cv-01849-JCM-NJK |
| vs. | ORDER SETTING HEARING ON ORDER TO SHOW CAUSE |
| GLAXOSMITHKLINE LLC, et al., | |
| Defendant(s). | (Docket No. 162) |

The Court hereby **SETS** a telephonic hearing on its order to show cause (Docket No. 162) for August 7, 2014 at 2:00 p.m. Only counsel for Defendants GlaxoSmithKline and Apexus are required to attend, but any other parties' counsel may do so if they so choose. Any counsel who wishes to appear telephonically at that hearing may do so by calling the Court conference line at 702-868-4906 at least five minutes prior to the hearing. The conference code is 123456. In order to ensure a clear recording of the hearing, the call must be made using a land line phone. Cell phone calls, as well as the use of a speaker phone, are prohibited.

The Court sets this hearing to address several issues regarding the sealing of Docket No. 160. Defendants GlaxoSmithKline and Apexus seek an order allowing "redaction" of all of this 24-page document (except for the vaccine list at APEX000092-93). *See* Docket No. 163-2 (proposed redaction). It is clear that the publicly available vaccine list information cannot be sealed. It is less clear whether aspects of the exhibit not pertinent to the pending motion for summary judgment can be redacted based on the showing provided. In particular, Defendants GlaxoSmithKline and Apexus appear to argue that

a lesser showing needs to be made with respect to redactions not pertinent to the motions for summary judgment, but the cited case law does not appear to address that issue.[1]  Moreover, Defendants GlaxoSmithKline and Apexus assert that the contract contains confidential and commercially sensitive information, including pricing terms, fee structures, supply terms, and insurance requirements.  *See* Docket No. 163 at 3.  But the showing does not specifically identify which aspects of the contract contain this information.  It appears that allowing "redaction" of all of this 24-page document (except for the vaccine list at APEX000092-93) based on such an undifferentiated showing may run afoul of Ninth Circuit law.  *See The Vaccine Center LLC v. GlaxoSmithKline LLC*, 2013 U.S. Dist. Lexis 68298, *9-10 & n. 5 (D. Nev. May 14, 2014) (discussing Ninth Circuit authority regarding redactions, including authority indicating that sealing must be "narrowly tailored"); *see also NCAA Student-Athlete*, 2012 WL 5395039, at *1, 2 (requiring redactions to be limited to competitively sensitive terms and allowing redaction of only parts of agreement).

　　　　IT IS SO ORDERED.

　　　　DATED: July 31, 2014

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[1] Defendants GlaxoSmithKline and Apexus appear to make this argument, citing *In re NCAA Student-Athlete Name and Likeness Licensing Litig.*, 2012 WL 5395039, *1 (N.D. Cal. Nov. 5, 2012).  But that opinion, a few lines below the portion cited by Defendants, rejects overly broad proposed redactions and asserts that redactions must be "limited to competitively sensitive terms."  *Id*; *see also id.* (noting that redactions "have the virtue of being limited and clear" (quoting *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1183 (9th Cir. 2006)).  Similarly, *Murphy v. Kavo America Corp.*, also cited, only allows for limited redaction because the Court must "narrowly tailor" its sealing orders.  *See* 2012 WL 1497489, *2 (N.D. Cal. Apr. 27, 2012).