UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| THE VACCINE CENTER LLC,<br><br>　　　　　　　Plaintiff(s),<br><br>vs.<br><br>GLAXOSMITHKLINE LLC, et al.,<br><br>　　　　　　　Defendants. | Case No. 2:12-cv-01849-JCM-NJK<br><br>ORDER DENYING IN PART AND GRANTING IN PART MOTION TO SEAL<br><br>(Docket No. 169) |

　　　Pending before the Court is a motion to seal. Docket No.169. Defendant Apexus filed a declaration in support of the motion. Docket No. 172. Defendant GlaxoSmithKline filed a notice taking no position on the motion. Docket No. 173. Plaintiff opposed the motion. Docket No. 174. Defendant Apexus filed a supplemental brief responding to Plaintiff's opposition. Docket No. 176. The Court finds the motion properly resolved without oral argument. *See* Local Rule 78-2. For the reasons discussed below, the motion to seal is **DENIED** in large part and **GRANTED** in limited part.

　　　The Ninth Circuit has held that there is a presumption of public access to judicial files and records, and that parties "who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). To the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents.

*Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003); *see also In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 425 (9th Cir. 2011) (the district court must "keep in mind the possibility of redacting the sensitive material")

      Defendant Apexus' most recent filing agrees to allow the exhibits at issue to be filed publicly, except that it maintains that redaction to Section 10.A of Exhibit B is proper. *See* Docket No. 176 at 2. That section provides for Apexus' property and commercially sensitive administrate fee calculation, the disclosure of which Apexus argues would impede its ability to negotiate and enter agreements with suppliers. *See* Docket No. 172 at 7. The Court finds compelling reasons exist for redaction of Section 10.A of Exhibit B. Compelling reasons have not been established as to any other part of the relevant exhibits. Accordingly, no later than September 25, 2014, Defendant Apexus shall file publicly on the docket a notice attaching the relevant exhibits, except that it may redact Section 10.A of Exhibit B.

      IT IS SO ORDERED.

      DATED: September 22, 2014

_____
NANCY J. KOPPE
United States Magistrate Judge